IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| JOY A. POWER, : | |
| : | |
| Claimant, : | |
| : | |
| v. : | CASE NO. 3:08-CV-87-CDL-GMF |
| : | Social Security Appeal |
| MICHAEL J. ASTRUE, : | |
| Commissioner of Social Security, : | |
| : | |
| Respondent. : | |

## REPORT AND RECOMMENDATION

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ) determination, denied Claimant's application for social security disability benefits, finding that she was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971). The court's role in reviewing claims brought under the Social

Security Act is a narrow one.  The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1]  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  It must, however, decide if the Commissioner applied the proper standards in reaching a decision.  *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980).  The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings.  *Bloodsworth*, 703 F.2d at 1239.  However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it.  *Id.*

The initial burden of establishing disability is on the claimant.  *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973).  The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic.  *Oldham v. Schweiker*, 660 F.2d 1078 (5th Cir. 1981).  A claimant seeking Social Security disability benefits must demonstrate that she suffers from an impairment that prevents her from engaging in any substantial gainful activity for a twelve-month period.  42 U.S.C. § 423(d)(1).  In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act.  20 C.F.R. § 404.1, *et seq*.

Under the regulations, the Commissioner uses a five-step procedure to determine if

---

[1] Credibility determinations are left to the Commissioner and not to the courts.  *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991).  It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence.  *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

a claimant is disabled. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. If not, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments. Next, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations (the "Listing"). Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ISSUES

**I.      Whether the ALJ erred by failing to order a consultative evaluation.**

**II.     Whether the ALJ erred by relying on the VE's testimony where it was based on an incomplete hypothetical.**

### Administrative Proceedings

Claimant filed for disability benefits on or about February 17, 2005. (T-12).

Claimant's application was denied initially and on reconsideration. (T-39-47). Claimant then filed a request for a hearing before an ALJ, which was held on October 3, 2007, in Athens, Georgia. (T-38, 193-219). Subsequent to the hearing, the ALJ found that the Claimant was not disabled in a decision dated October 20, 2007. (T-12-21). Thereafter, the Appeals Council denied Claimant's requested review of the ALJ's findings, making the ALJ's decision the final decision of the Commissioner. (T-3-6).

## Statement of Facts and Evidence

Claimant alleges a disability beginning December 6, 2004, due to impairments including back pain, rheumatoid arthritis, and Sjogren's disease. (T-14). After examining the medical records, the ALJ determined that Claimant suffers rheumatoid arthritis, an impairment which he found to be severe within the meaning of the Regulations but not severe enough to meet, or medically equal, any of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1. (T-20). After a thorough review of the record, the ALJ found that Claimant has a residual functional capacity (RFC) limiting her to light work with a 30-minute sit/stand option. *Id*. Accordingly, the ALJ made a finding of "not disabled."

## DISCUSSION

**I.    Did the ALJ err by failing to order a consultative evaluation?**

Claimant contends that the ALJ should have ordered a consultative examination to evaluate her claims of Rheumatoid Arthritis and Sjogren's Disease under the Listings. (R-9, p. 6). The Eleventh Circuit has held that:

> To "meet" a Listing, a claimant must have a diagnosis included in the

> Listings and must provide medical reports documenting that the conditions meet the specific criteria of the Listings and the duration requirement. *See* 20 C.F.R. § 404.1525(a)-(d). To "equal" a Listing, the medical findings must be "at least equal in severity and duration to the listed findings." *See* 20 C.F.R. § 404.1526(a). If a claimant has more than one impairment, and none meets or equals a listed impairment, the Commissioner reviews the impairments' symptoms, signs, and laboratory findings to determine whether the combination is medically equal to any listed impairment.

*Wilson v. Barnhart*, 284 F.3d 1219, 1224 (11th Cir. 2002). The claimant bears the burden of proving that an impairment meets or equals a Listing. *Wilkinson v. Bowen*, 847 F.2d 660, 662 (11th Cir. 1987).

At the same time, it is true that because a hearing before an ALJ is not an adversary proceeding, an ALJ has a basic duty to develop a full and fair record. When a claimant is not represented by counsel and has not waived the right to counsel, the ALJ has a special duty to ensure that favorable as well as unfavorable facts and circumstances are elicited for review. *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981); *see also Smith v. Schweiker*, 677 F.2d 826, 829 (11th Cir. 1982); *McConnell v. Schweiker*, 655 F.2d 604, 606 n.2 (5th Cir. 1981). In the instant action, the record demonstrates that Claimant was represented by counsel. Thus, the ALJ's duty was not a special duty.

Even in the case of a special duty, "there must be a showing of prejudice before it is found that the claimant's right to due process has been violated to such a degree that the case must be remanded to the [Commissioner] for further development of the record." *Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997). If Claimant believed that medical evidence was missing from the record, then the burden was upon her to bring forth this evidence. The

ALJ must only order consultative exams and tests when they are required in order to make an informed decision. *Reeves v. Heckler*, 734 F.2d 519, 522 (11th Cir. 1984). However, the ALJ is not required to order additional consultative examinations if he does not find them necessary to make an informed decision.

Here, Claimant has failed to carry her burden of proof of establishing that her impairments of rheumatoid arthritis and Sjogren's disease met or medically equaled the Listings. The ALJ concluded that Claimant's impairment of rheumatoid arthritis was severe but did not meet or medically equal the Listings. (T-14-16). He also concluded that Claimant's Sjogren's disease was not severe and did not indicate any possible work-related limitations. (T-14). If Claimant knew that the record did not contain sufficient documentation to support her contentions, Claimant should have supplemented the evidence in the record. Otherwise, it appears that the ALJ's findings were based on substantial evidence sufficient for the ALJ to make an informed decision, including Claimant's testimony at the hearing and medical evidence in the record. Accordingly, the ALJ applied the proper evidentiary standards, and no error is found.

**II.    Did the ALJ err by relying on the VE's testimony where it was based on an incomplete hypothetical?**

Claimant first argues that the ALJ erred by not articulating reasons for his rejection of the limitations imposed on Claimant by the state agency reviewing physician. (R-9, pp. 9-11). Claimant the contends that the ALJ failed to present a full and complete hypothetical to the VE. (R-9, pp. 11-12).

The regulations define medical opinions as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 404.1527(a); *see also* SSR 96-5p.  SSR 96-6p prescribes the method of evaluating opinions of state agency medical consultants:

> 1.  Findings of fact made by State agency medical and psychological consultants and other program physicians and psychologists regarding the nature and severity of an individual's impairment(s) must be treated as expert opinion evidence of nonexamining sources at the administrative law judge and Appeals Council levels of administrative review.
> 2. Administrative law judges and the Appeals Council may not ignore these opinions and must explain the weight given to these opinions in their decisions . . . .

Here, contrary to Claimant's allegations, the ALJ specifically and adequately addressed the findings of the state agency medical consultant and his reasons for rejecting some of the suggested limitations. Regarding the weight assigned to the state agency physician opinion, the ALJ states:

> Here, the state agency found in April, 2005, that the claimant was limited to a range of light work. For reasons set forth elsewhere in this opinion, I generally agree with the conclusion that the claimant can perform light work but do not accept the specific additional limitations pertaining to exposure to heights, fine use of hands and cold conditions, for which no valid basis exists. I therefore rely on the state agency assessment only in part.

(T-18).

The ALJ is not required accept the medical opinions of a physician if he finds that the

7

evidence supports a contrary conclusion or when it is contrary to other statements or reports of the physician. *Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir. 1991); *see also Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984). In rejecting Claimant's possible work-related limitations, the Findings in this case show that the ALJ based his reasoning on factors including Claimant's credibility and his review of opinions on her ability to work. *Id*. The ALJ emphasizes the following specific factors leading to his decision:

> [T]he record since the alleged onset date contains no abnormal clinical examination results pertaining to any joint; the claimant has had abnormal examination results pertaining to the lumbar spine on only one occasion since the alleged onset date; she has no other severe medically-determinable impairment relevant to her complaints; she has not frequently complained of pain since the alleged onset date; she previously has acknowledged a greater degree of activity than she described in her hearing testimony; and she has no documented need to elevate her legs.

*Id*. It is found that the ALJ applied the appropriate legal standards and relied on the opinions of the state agency non-examining physician which he deemed were supported by the evidence.

Because the ALJ properly discredited some of the limitations imposed by the state agency physicians, no error is found in the hypothetical posed to the VE. An ALJ is not required to give significance to opinions of any medical provider where the opinion relates to issues reserved solely for determination by the Commissioner. Determinations of disability or RFC "are not medical opinions, . . . but are, instead, opinions on issues reserved for the Commissioner because they are administrative findings that are dispositive of a case; *i.e.*, that would direct the determination of disability." 20 C.F.R. § 404.1527(e); *see also*

SSR 96-5p.

Here, the ALJ limited Claimant to light work with a 30 minute sit/stand option. (T-20). It is found that the ALJ properly exercised his judicial authority in developing an RFC including only those non-exertional limitations he found were supported by the record. Accordingly, the ALJ posed a proper hypothetical to the VE based on his determination of Claimant's RFC.

## CONCLUSION

Based on the evidence presented, no basis is found for Claimant's contention that the ALJ committed error. The record fails to reveal any evidence that the ALJ acted outside of his judicial role in determining the extent of Claimant's disability.

**WHEREFORE**, it is the recommendation to the United States District Judge that the decision of the defendant Commissioner of Social Security be **AFFIRMED**. Pursuant to 28 U.S.C. § 636(b)(1), Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within ten (10) days after being served a copy of this recommendation.

THIS the 12th day of March, 2009.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

lml